UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDWARD LABACZ and SUSAN LABACZ,

                        Plaintiff,

        -against-

JEFFREY G. ROHR, ASH TRANSPORT, LLC,
CARLOS FERNANDEZ-RODRIGUEZ and
FERRARO FOODS, INC.,

                      Defendants.
------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, EDWARD LABACZ, by his attorneys, HACH ROSE SCHIRRIPA & CHEVERIE, LLP, as and for a cause of action allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, EDWARD LABACZ

1. On or about April 27, 2016, and at all times herein mentioned, the Plaintiff, EDWARD LABACZ, was and still is a resident of the County of New Haven, State of Connecticut;

2. This action falls within one or more of the exceptions set forth in CPLR Section 1602;

3. The cause of action herein arose in the County of Queens, State of New York;

4. On or about April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

1

5. On or about April 27, 2016, and at all times herein mentioned, Defendant, ASH TRANSPORT, LLC, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

6. On or about April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

7. On or about April 27, 2016, and at all times herein mentioned, Defendant, FERRARO FOODS, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York;

8. On or about April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, was a resident of the County of Monroe, State of Tennessee;

9. On or about April 27, 2016, and at all times herein mentioned, Defendant, ASH TRANSPORT, LLC, was a resident of the County of Hamilton, State of Tennessee;

10. On or about April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, was a resident of the County of Union, State of New Jersey;

11. On or about April 27, 2016, and at all times herein mentioned, Defendant, FERRARO FOODS, INC., was a resident of the County of Middlesex, State of New Jersey;

12. On or about April 27, 2016, and at all times herein mentioned, Defendant, ASH TRANSPORT, LLC, was the owner of a 2011 VOLVO bearing Tennessee license plate number C5187HY;

13. On or about April 27, 2016, and at all times herein mentioned, Defendant, FERRARO FOODS, INC., was the owner of a 2014 International bearing New Jersey license plate number AP367W;

14. On or about April 27, 2016, and at all times herein mentioned, Defendant, ASH TRANSPORT, LLC, was the registrant of the aforesaid vehicle;

15. On or about April 27, 2016, and at all times herein mentioned, Defendant, FERRARO FOODS, INC., was the registrant of the aforesaid vehicle;

16. On or about April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, operated the aforesaid motor vehicle, bearing license plate number C5187HY;

17. On or about April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, operated the aforesaid motor vehicle, bearing license plate number AP367W;

18. On or about April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, controlled the aforesaid motor vehicle;

19. On or about April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, controlled the aforesaid motor vehicle;

20. On or about April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, operated the aforesaid motor vehicle with the permission of the owner, Defendant, ASH TRANSPORT, LLC;

21. On or about April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, operated the aforesaid motor vehicle with the permission of the owner, Defendant, FERRARO FOODS, INC.;

22. On or about April 27, 2016, and at all times herein mentioned, CT Stone Supplies Inc., Plaintiff's employer, was the owner of a 1994 Ford motor vehicle bearing Connecticut State license plate number 48075A.

23. On or about, April 27, 2016, and at all times herein mentioned, CT Stone Supplies Inc., Plaintiff's employer, was the registrant of the aforesaid vehicle;

24. On or about, April 27, 2016, and at all times herein mentioned, Plaintiff, EDWARD LABACZ, lawfully and with the permission of the vehicle owner and registrant, operated and/or controlled the aforesaid vehicle, 1994 Ford, motor vehicle bearing Connecticut State license plate number 48075A;

25. On or about, April 27, 2016, and at all times herein mentioned, north-bound Clearview Expressway at 48th Avenue, County of Queens, State of New York, was a public roadways and/or thoroughfares;

26. On or about, April 27, 2016, at the aforesaid location, the vehicle operated by Plaintiff, EDWARD LABACZ, the vehicle owned by Defendant, ASH TRANSPORT, LLC, and operated by Defendant, JEFFREY G. ROHR, and the vehicle owned by Defendant, FERRARO FOODS, INC., and operated by Defendant, CARLOS FERNANDEZ-RODRIGUEZ, came into contact;

27. As a result of the occurrence, Plaintiff, EDWARD LABACZ, was seriously injured;

28. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto;

29. That the negligence of the Defendants consisted of, but not limited to, operating the aforesaid motor vehicles in a negligent, reckless and careless manner; in failing to keep the aforesaid motor vehicles under reasonable and proper control; in failing to operate the aforesaid motor vehicles with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the vehicle in which the Plaintiff was a driver; in operating the aforesaid motor vehicles in a manner contrary to, and in violation of, the statutes, ordinances, rules and regulations applicable and in existence on the date of the occurrence; in failing to provide and/or make prompt and timely use of adequate and efficient brake and steering mechanisms; in operating the aforesaid motor vehicles in such a negligent, careless and reckless manner as to precipitate the aforesaid occurrence; in failing to take defensive action; and in failing to warn of the approach of the aforesaid motor vehicles, in going through a red light;

30. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injury as defined by Section 5102 of the Insurance Law;

31. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in a permanent loss of use of a body organ, member, function or system as defined by Section 5102 of the Insurance Law;

32. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries

requiring multiple surgical procedures, resulting in a permanent consequential limitation of use of a body organ or member as defined by Section 5102 of the Insurance Law;

33. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in a significant limitation of use of a body function or system as defined by Section 5102 of the Insurance Law;

34. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in an impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment as defined by Section 5102 of the Insurance Law;

35. That by reason of the foregoing, Plaintiff, EDWARD LABACZ's, vehicle received property damage;

36. That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, SUSUAN LABACZ

37. That the Plaintiffs, repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "36", with the same force and effect as though each and every allegation were set forth more fully herein at length below;

38. That at all times hereinafter mentioned, Plaintiff, SUSAN LABACZ, was the lawful spouse of the Plaintiff, EDWARD LABACZ, and as such said Plaintiff, was entitled to the society, services and consortium of the said Plaintiff, EDWARD LABACZ;

39. By reason of the afore-described negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, SUSAN LABACZ, was deprived of the aforesaid society, services and consortium of the Plaintiff, EDWARD LABACZ, and shall forever be deprived of said society, services and consortium;

40. That by reason of the foregoing negligence on the part of the Defendants, the Plaintiff, SUSAN LABACZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the costs and disbursements of this action.

WHEREFORE, Plaintiff, EDWARD LABACZ, demands judgment against the Defendants, JEFFREY G. ROHR, ASH TRANSPORT, LLC, CARLOS FERNANDEZ-RODRIGUEZ and FERRARO FOODS INC., herein on The First Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the interests, costs and disbursements of this action.

WHEREFORE, Plaintiffs, EDWARD LABACZ and SUSAN LABACZ, demand judgment against the Defendants, JEFFREY G. ROHR, ASH TRANSPORT, LLC, CARLOS FERNANDEZ-RODRIGUEZ and FERRARO FOODS INC., herein on The Second Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the interests, costs and disbursements of this action.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated: New York, New York
January 28, 2019

Respectfully submitted,

Michael A. Rose
HACH ROSE SCHIRRIPA & CHEVERIE, LLP
*Attorneys for Plaintiffs*
**EDWARD LABACZ and
SUSAN LABACZ**
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 779-0057

STATE OF NEW YORK            }
                             } ss.
COUNTY OF NEW YORK           }

Michael A. Rose, being duly sworn, deposes and says:

That deponent is a member with HACH ROSE SCHIRRIPA & CHEVERIE, L.L.P., attorneys for Plaintiff, in the within action; that the deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiff(s) and is made by deponent is that Plaintiff(s) does/do not reside in the county where the attorney for the Plaintiff(s) have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiff(s).

DATED:     NEW YORK, NEW YORK
           January 28, 2019

_____
Michael A. Rose
HACH ROSE SCHIRRIPA
& CHEVERIE, LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 779-0057

9