UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

EDWARD LABACZ and SUSAN LABACZ,

Plaintiffs,

v.

JEFFREY G. ROHR, ASH TRANSPORT, LLC,
CARLOS FERNANDEZ-RODRIGUEZ and
FERRARO FOODS INC.,

Defendants.

Civil Action No. 1:19-cv-00528

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, EDWARD LABACZ and SUSAN LABACZ (collectively "Plaintiffs"), by their attorneys, Hach Rose Schirripa & Cheverie, LLP, complaining of the Defendants, JEFFREY G. ROHR, ASH TRANSPORT, LLC, CARLOS FERNANDEZ-RODRIGUEZ and FERRARO FOODS INC., (collectively "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1.     On April 27, 2016, Plaintiff Edward Labacz ("Plaintiff" or "Mr. Labacz") suffered severe injuries from a motor vehicle accident on the Clearview Expressway, Queens County, that was caused by the negligence of two tractor-trailers operators, Defendants Jeffrey G. Rohr and Carlos Fernandez-Rodriguez, drivers for Defendants Ash Transport, LLC and Ferraro Foods, Inc., respectively.

2.     The subject accident resulted in catastrophic injuries to Mr. Labacz's left leg, including a left posterior wall and column acetabulum fracture dislocation and a left bicondylar tibial plateau fracture, requiring numerous surgical procedures. The extensive damage has left Mr. Labacz

1

permanently disabled and unable to work. Mr. Labacz's injuries have also had a detrimental impact on his wife, co-Plaintiff Susan Labacz ("Mrs. Labacz"), as well as on their marital relationship. Accordingly, in addition to Mr. Labacz's negligence claims, Mrs. Labacz asserts a derivative cause of action for loss of society, services and consortium.

## JURISDICTION AND VENUE

3.      Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 where Plaintiffs are not citizens of the same state as the Defendants and the amount in controversy exceeds $75,000 with respect to Plaintiff Edward Labacz's claims and $75,000 with respect to Plaintiff Susan Labacz's claims.

4.      Venue properly lies in the Eastern District of New York pursuant to 28 U.S.C. §1391(b), because the claims arose in this judicial district – namely, the subject motor vehicle accident of April 27, 2016 which occurred on the Clearview Expressway, Queens, New York.

## PARTIES

5.      Plaintiff Edward Labacz is an individual who, during all times hereinafter mentioned, was and still is a resident of the State of Connecticut.

6.      Plaintiff Susan Labacz is an individual who, during all times hereinafter mentioned, was and still is a resident of the State of Connecticut.

7.       Defendant Jeffrey G. Rohr is an individual who, during all times hereinafter mentioned, was and still is a resident of the State of Tennessee.

8.      Defendant Ash Transport, LLC, during all times hereinafter mentioned, is a Tennessee Limited Liability Company with its principal place of business in the State of Tennessee.

Ash Transport, LLC is comprised of one (1) member, Andre Shved, who during all times hereinafter mentioned, was and still is a resident of the State of Tennessee.

9.      Defendant Carlos Fernandez-Rodriguez is an individual currently residing in the State of Florida. Carlos Fernandez-Rodriguez resided in the State of New Jersey on the April 27, 2016 date of accident.

10.     Defendant Ferraro Foods, Inc., during all times hereinafter mentioned, is a New Jersey corporation with its principal place of business in the State of New Jersey.

## FACTS

11.     The cause of action herein arose in the County of Queens, State of New York.

12.     On April 27, 2016, and at all times herein mentioned, Defendant, ASH TRANSPORT, LLC, was the owner and registrant of a 2011 VOLVO bearing Tennessee license plate number C5187HY.

13.     On April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, operated and controlled the aforesaid motor vehicle, bearing license plate number C5187HY.

14.     On April 27, 2016, and at all times herein mentioned, Defendant, JEFFREY G. ROHR, operated the aforesaid motor vehicle with the permission of and in the course of his employment for the vehicle owner, Defendant ASH TRANSPORT, LLC.

15.     On April 27, 2016, and at all times herein mentioned, Defendant, FERRARO FOODS, INC., was the owner and registrant of a 2014 International bearing New Jersey license plate number AP367W.

16.     On April 27, 2016, and at all times herein mentioned, Defendant, FERNANDEZ-RODRIGUEZ, operated and controlled the motor vehicle, bearing license plate number AP367W.

3

17.     On April 27, 2016, and at all times herein mentioned, Defendant, CARLOS FERNANDEZ-RODRIGUEZ, operated the aforesaid motor vehicle with the permission of and in the course of his employment for the vehicle owner, Defendant FERRARO FOODS, INC.

18.     On April 27, 2016, and at all times herein mentioned, CT Stone Supplies Inc., Plaintiff's employer, was the owner and registrant of a 1994 Ford motor vehicle bearing Connecticut State license plate number 48075A.

19.     On April 27, 2016, and at all times herein mentioned, Plaintiff, EDWARD LABACZ, lawfully and with the permission of the vehicle owner and registrant, operated and/or controlled the aforesaid vehicle, 1994 Ford, motor vehicle bearing Connecticut State license plate number 48075A.

20.     On or about, April 27, 2016, and at all times herein mentioned, north-bound Clearview Expressway at 48th Avenue, County of Queens, State of New York, was a public roadway.

21.     On April 27, 2016, at the aforesaid location, the vehicle operated by Plaintiff, EDWARD LABACZ, the vehicle owned by Defendant, ASH TRANSPORT, LLC, and operated by Defendant, JEFFREY G. ROHR, and the vehicle owned by Defendant, FERRARO FOODS, INC., and operated by Defendant, CARLOS FERNANDEZ-RODRIGUEZ, came into contact.

22.     At that time, Plaintiff was travelling in the center lane of NB Clearview within the posted speed limit when he observed the vehicles operated by Defendants ROHR and FERNANDEZ-RODRIGUEZ behind him traveling in the right lane at excessive speeds. When the Defendants' vehicles passed Plaintiff on his right, they suddenly and without warning veered into Plaintiff's center lane directly in front of Plaintiff's vehicle. After cutting off the Plaintiff, Defendants made a sudden and hard brake application, resulting in contact with Plaintiff's vehicle.

23.     As a result of the occurrence, Plaintiff EDWARD LABACZ, sustained serious injuries. Specifically, Mr. Labacz suffered a left posterior wall and column acetabulum fracture dislocation and a left bicondylar tibial plateau fracture, which have required him to undergo the following surgical procedures:

- On *April 28, 2016*, open reduction internal fixation (ORIF), left posterior wall and column acetabulum fracture, left lower leg four compartment fasciotomy with VAC application, closed reduction with external fixation, left tibial plateau fracture.

- On *May 1st, 2016*, I&D left lower leg/I&D leg wound vac.

- On *May 5th, 2016*, I&D of fasciotomies, closure of lateral wound, incisional vac lateral, wound vac medial.

- On *May 9th, 2016,* ORIF left bicondylar tibial plateau fracture, removal of external fixator left leg, split-thickness skin grafting of medial fasciotomy wound.

- On *October 13th, 2017,* dynamic fluoroscopic evaluation of the left ankle, stress examination of the left ankle, fluoroscopic guided needle insertion into the left ankle, injection of left ankle with local anesthetic and steroid.

- On *December 6th, 2017,* left iliac crest bone marrow aspirate, left ankle arthroscopic synovectomy with extensive debridement, arthroscopic treatment of medial talus osteochondral lesion, resection of right tibial anteromedial exostosis and bone bossing, left sural nerve neurolysis, excision of left fibular exostosis and bone bossing, left peroneus longus and peroneus brevis tenosynovectomy and tenolysis, deep tissue biopsy of left ankle, deep bone biopsy of left fibula, left fibular groove deepening, repair of dislocated peroneal tendons with TenoGlide augmentation and superior peroneal retinaculum repair, and injection of left ankle.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### *Against All Defendants*

24.     Plaintiffs repeat and incorporate by reference the allegations stated above as if they were set forth in full herein.

25.     The aforesaid motor vehicle accident of April 27, 2016 was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the

Plaintiff contributing thereto. The negligence of the Defendants consisted of, but not limited to, operating the aforesaid motor vehicles in a negligent, reckless and careless manner; in failing to keep the aforesaid motor vehicles under reasonable and proper control; in failing to operate the aforesaid motor vehicles with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to observe the vehicle in which the Plaintiff was a driver; in operating the aforesaid motor vehicles in a manner contrary to, and in violation of, the statutes, ordinances, rules and regulations applicable and in existence on the date of the occurrence; in failing to provide and/or make prompt and timely use of adequate and efficient brake and steering mechanisms; in operating the aforesaid motor vehicles in such a negligent, careless and reckless manner as to precipitate the aforesaid occurrence; in failing to take defensive action; and in failing to warn of the approach of the aforesaid motor vehicles, in cutting off Plaintiff's vehicle while travelling at excessive speeds and applying a sudden and hard brake application after cutting Plaintiff off; in failing to operate said commercial motor vehicles in accordance with the rules, regulations, statutes and guidelines promogulated by the U.S. Department of Labor's Federal Motor Carrier Safety Administration, the State of Tennessee, the State of New Jersey, and the State of New York. regarding the use and operation of commercial motor vehicles, as well as the necessary licensing, training, certifications, and qualifications required in order to operate commercial motor vehicles.

26.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injury as defined by Section 5102 of the New York State Insurance Law.

27.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries

requiring multiple surgical procedures, resulting in a permanent loss of use of a body organ, member, function or system as defined by Section 5102 of the New York State Insurance Law.

28.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in a permanent consequential limitation of use of a body organ or member as defined by Section 5102 of the New York State Insurance Law.

29.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in a significant limitation of use of a body function or system as defined by Section 5102 of the New York State Insurance Law.

30.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has sustained a serious injuries, including but not limited to leg, hip and knee fractures, as well as ankle injuries requiring multiple surgical procedures, resulting in an impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment as defined by Section 5102 of the New York State Insurance Law.

31.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ's, vehicle received property damage.

32.     That by reason of the foregoing, Plaintiff, EDWARD LABACZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York.

33.     That by reason of the foregoing, the amount in controversy stemming from Plaintiff EDWARD LABACZ's damages is in excess of $5,000,000.

34.     This action falls within one or more of the exceptions set forth in CPLR Section 1602.

## SECOND CAUSE OF ACTION
## LOSS OF SOCIETY, SERVICES AND CONSORTIUM
### *Against All Defendants*

35.     Plaintiffs repeat and incorporate by reference the allegations stated above as if they were set forth in full herein.

36.     At all times hereinafter mentioned, Plaintiff, SUSAN LABACZ, was the lawful spouse of the Plaintiff, EDWARD LABACZ, and as such said Plaintiff, was entitled to the society, services and consortium of the said Plaintiff, EDWARD LABACZ.

37.     By reason of the afore-described negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, SUSAN LABACZ, was deprived of the aforesaid society, services and consortium of the Plaintiff, EDWARD LABACZ, and shall forever be deprived of said society, services and consortium.

38.     Specifically, as a result of the injuries sustained by her husband, Plaintiff, SUSAN LABACZ, has been required to shoulder the burden of caring for her husband and perform many of the household chores and activities that her husband had customarily performed. Plaintiff, SUSAN LABACZ, has also been required to miss a significant amount to time from her work in order to take her husband to his various medical appointments. In addition, the time that Plaintiff, SUSAN LABACZ, spends with her husband, whether around the home or while away on vacation, has been negatively impacted due to Mr. Labacz's diminished condition and physical limitations. This has negatively impacted their marriage in general, including but not limited to their intimate relationship.

39.     That by reason of the foregoing negligence on the part of the Defendants, the Plaintiff, SUSAN LABACZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the costs and disbursements of this action.

40.     That by reason of the foregoing, Plaintiff, SUSAN LABACZ, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York.

41.     That by reason of the foregoing, the amount in controversy stemming from Plaintiff SUSAN LABACZ's damages is in excess of $2,000,000.

42.     This action falls within one or more of the exceptions set forth in CPLR Section 1602.

WHEREFORE, Plaintiffs, EDWARD LABACZ and SUSAN LABACZ, demand judgment against the Defendants, JEFFREY G. ROHR, ASH TRANSPORT, LLC, CARLOS FERNANDEZ-RODRIGUEZ and FERRARO FOODS INC., herein on the First Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the interests, costs and disbursements of this action.

WHEREFORE, Plaintiffs, EDWARD LABACZ and SUSAN LABACZ, demand judgment against the Defendants, JEFFREY G. ROHR, ASH TRANSPORT, LLC, CARLOS FERNANDEZ-RODRIGUEZ and FERRARO FOODS INC., herein on the Second Cause of Action in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the interests, costs and disbursements of this action.

## PLAINTIFFS DEMAND A TRIAL BY JURY

Dated:  New York, New York
        September 16, 2020

                         Respectfully submitted,

                         _____
                         John A. Blyth
                         HACH ROSE SCHIRRIPA & CHEVERIE, LLP
                         *Attorneys for Plaintiffs*
                         **EDWARD LABACZ and**
                         **SUSAN LABACZ**
                         112 Madison Avenue, 10th Floor
                         New York, NY 10016
                         T: (212) 213-8311
                         F: (212) 779-0028