UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWARD LABACZ and SUSAN LABACZ,    :
                                                                            :
                              Plaintiffs,          :      **MEMORANDUM AND ORDER**
                                                                            :      19-cv-00528 (DLI) (RML)
                 -against-                          :
                                                                            :
JEFFREY G. ROHR, ASH TRANSPORT, LLC,:
CARLOS FERNANDEZ RODRIGUEZ,      :
and FERRARO FOODS INC.,                    :
                                                                            :
                            Defendants.        :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On January 28, 2019, Plaintiffs Edward Labacz ("Edward") and Susan Labacz ("Susan") (together, "Plaintiffs") initiated this personal injury action based on diversity against Defendants Jeffrey G. Rohr ("Rohr"), Ash Transport, LLC ("Ash"), Carlos Fernandez-Rodriguez ("Rodriguez"), and Ferraro Foods, Inc. ("Ferraro"). *See*, Compl., Dkt. Entry No. 1. On September 16, 2020, Plaintiffs filed an Amended Complaint, alleging negligence and loss of society, services, and consortium claims stemming from a vehicle accident involving Edward, Rohr, and Rodriguez. *See*, *generally*, Am. Compl., Dkt. Entry No. 43.

Rodriguez and Ferraro (together, "Ferraro Defendants") moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See*, Notice of Ferraro Defs.' Mot., Dkt. Entry No. 58; Corrected Mem. of Law in Supp. of Ferraro Defs.' Mot. for Summ. J. ("Ferraro Mem."), Dkt. Entry No. 66. Plaintiffs opposed the motion, and Ferraro Defendants replied. *See*, Pls.' Mem. of Law in Supp. of Their Opp'n to Ferraro Defs.' Mot. ("Opp'n to Ferraro"), Dkt. Entry No. 61; Mem. of Law in Reply ("Ferraro Reply"), Dkt. Entry No. 60-1. Rohr and Ash (together, "Ash Defendants") also moved for summary judgment. *See*, Notice of Ash Defs.' Mot., Dkt. Entry No. 62; Mem. of Law in Supp. of Ash Defs.' Mot. for Summ. J. ("Ash Mem."), Dkt. Entry 63-1.

Plaintiffs opposed this motion and Ash Defendants replied. *See*, Pls.' Mem. of Law in Supp. of Their Opp'n to Ash Defs.' Mot. ("Opp'n to Ash"), Dkt. Entry No. 64; Reply Mem. of Law in Supp. of Ash Defs.' Mot. ("Ash Reply"), Dkt. Entry No. 65. For the reasons set forth below, both Ferraro Defendants' and Ash Defendants' motions are denied.

## BACKGROUND

As an initial matter, Ferraro Defendants' Local Civil Rule 56.1 Statement consists of a mere six paragraphs, contains no details of the accident at issue, and mostly cites to the parties' pleadings, rather than the record or other admissible evidence. *See*, Ferraro Defs.' Statement Pursuant to Local Civil Rule 56.1 ("Ferraro 56.1"), Dkt. Entry No. 58-3. Ferraro Defendants' underwhelming Rule 56.1 Statement fails to serve its purpose under the Local Civil Rules and adds no value to the Court's resolution of their motion. *See*, *Watt v. N.Y. Botanical Garden*, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000) ("The purpose of these rules is to enhance the Court's efficiency in reviewing motions for summary judgment by freeing the Court from hunting through a voluminous record without guidance from the parties."). Thus, the Court declines to consider or adopt Ferraro Defendants' Rule 56.1 Statement.

The following relevant facts are taken from Plaintiffs' and Ash Defendants' Local Civil Rule 56.1 statements, depositions, and exhibits. *See*, Pls.' Counterstatement to Ferraro Defs.' 56.1 Statement ("Pls. Ferraro 56.1"), Dkt. Entry No. 59-1; Ash Defs.' Local Rule 56.1 Statement of Material Facts ("Ash 56.1"), Dkt. Entry No. 63-3; Pls.' Counterstatement to Ash Defs.' 56.1 Statement ("Pls. Ash 56.1"), Dkt. Entry No. 64.1. Unless otherwise noted, these facts are not in dispute. As it must, the Court has considered only facts recited by Plaintiffs and Ash Defendants in their respective Rule 56.1 statements that are established by admissible evidence and disregarded conclusory allegations and legal arguments contained therein. *See*, *Holtz v.*

2

*Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("[W]here there are no[] citations or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion.") (internal quotation marks and citations omitted).

## I.     The Drivers' Accounts

This case involves an accident among three tractor trailer trucks driven by Edward, Rohr, and Rodriguez, respectively. At the time, Edward was operating his vehicle for his employer, Connecticut Stone, Rohr was operating his vehicle for Ash, and Rodriguez was operating his vehicle for Ferraro. *See*, Dep. of Edward Labacz ("Edward Dep."), Dkt. Entry No. 58-9, at 40-42; Dep. of Jeffrey G. Rohr ("Rohr Dep."), Dkt. Entry No. 58-10, at 16-18; Dep. of Carlos Fernandez-Rodriguez ("Rodriguez Dep."), Dkt. Entry No. 58-11, at 27-29.

On April 27, 2016, Edward was driving his vehicle in the center lane of the three-lane northbound Clearview Expressway near the 48th Street overpass in New York City. *See*, Pls. Ferraro 56.1 at ¶¶ I.1-2, II.15; Pls. Ash 56.1 at ¶¶ I.4, I.7. While on the Expressway, Edward observed, through his passenger side mirror, Rodriguez's vehicle traveling behind him in the right lane, followed closely by Rohr's vehicle. *See*, Pls. Ferraro 56.1 at ¶¶ II.15-16. According to Edward, Rodriguez's and Rohr's vehicles were traveling "at excessive speeds" and eventually passed Edward on the right side. *Id.* Rodriguez and Rohr then "veered into the center lane approximately three to four feet in front of [Edward], cutting him off." *Id.* at ¶ II.17. Edward saw Rohr's vehicle "sliding" or "skidding" to a stop while smoke was coming from the back of Rohr's vehicle. *Id.* at ¶ II.20. Edward immediately applied his brake but did not have "enough landing space to stop" or "time to see if there was any other option to avoid [a collision]." Edward Dep. at 120-21. The front of Edward's vehicle ended up colliding with the rear of Rohr's vehicle. *Id.* at 119. Edward claimed that, right before the collision, he was traveling at approximately 40 miles

per hour ("mph") and, when he applied his brake, he "slowed down" or "slid[ed]" to about 30 mph. *Id.* at 123.

Rohr testified that, while on the Clearview Expressway, traffic was crowded due to construction in the area, and he observed road signs that the right lane was closed ahead. Ash 56.1 at ¶ 27; *See also*, Rohr Dep. at 55. When Rohr was driving in the center lane of the Expressway, he decreased his speed when he saw cars ahead of him slow down due to the right lane's closure. *See*, Ash 56.1 at ¶ 28. He was in "stop and go" traffic for five to ten minutes, driving behind Rodriguez's vehicle. Pls. Ash 56.1 at ¶ II.3. According to Rohr, when he saw Rodriguez's vehicle ahead of him come to a gradual stop, he also stopped his vehicle approximately 15 feet behind Rodriguez's vehicle. *Id.* Rohr testified that his and Rodriguez's vehicles were stopped completely for "a couple of seconds" before Edward's vehicle hit the rear of Rohr's vehicle. *See*, Rohr Dep. at 73. Rohr claimed that the impact "shoved" his vehicle forward into the rear of Rodriguez's vehicle. *Id.* at 76; *See also*, Pls. Ash 56.1 at ¶ II.6.

According to Rodriguez, on the date of the accident, he was driving in the right lane of the Clearview Expressway. *See*, Rodriguez Dep. at 42. Rodriguez testified that he switched to the center lane and was driving for approximately one mile at 40 to 50 mph when a vehicle cut in front of him from the right lane, causing Rodriguez to "slam" on his brake to avoid hitting the vehicle. *See*, Pls. Ash 56.1 at ¶¶ II.11-12. Rodriguez held his brake for a few seconds and then accelerated his vehicle forward, moving at approximately 20 to 30 mph. *See*, Rodriguez Dep. at 51-52. "Less than ten seconds" later, Rodriguez felt "just one" but "heavy" impact from behind. *Id.* at 53. Neither Edward nor Rodriguez observed any construction activity or signs for lane closure while traveling on the Expressway. *See*, Pls. Ash 56.1 at ¶ I.9.

## II.   Experts' Opinions

Plaintiffs, Ferraro Defendants, and Ash Defendants all submitted their respective expert opinions as to the accident at issue.  In support of their motion, Ferraro Defendants rely on an Accident Reconstruction Analysis Report conducted by Stephen M. Emolo ("Emolo"), a traffic accident reconstructionist.  *See*, Stephen N. Emolo's Accident Reconstruction Analysis Report ("Emolo Report"), Dkt. Entry No. 60-3.  According to Emolo, "[b]ased on the time-distance and in-line momentum analysis, it was determined that [Edward's] accounts of the collision events was not supported by the evidence." Ash 56.1 at ¶ 57.  Emolo determined that Edward "was inattentive to the roadway ahead and was unaware of the roadway construction and right lane closure as he approached the accident location and the slow moving traffic ahead," and that "[Edward's] actions were the sole proximate cause of the subject collision events." *Id.* at ¶ 60.

Ash Defendants filed an Initial Reconstruction Report (the "Initial Silver Report") and an Amended Reconstruction Report (the "Amended Silver Report") (together, the "Silver Reports") by Bradford R.T. Silver ("Silver"), a Collision Reconstruction Expert.  *See*, Initial Silver Report dated September 5, 2020 and Amended Silver Report dated December 18, 2020, Dkt. Entry No. 65-1.  Silver noted that Edward's version of the incident "is mathematically impossible" because, if Edward had applied the brake at the speed he purportedly was traveling at, he would not have collided with Rohr's vehicle.  *See*, Ash 56.1 at ¶¶ 40-41.  Silver further opined that Edward and Rodriguez inattentively missed signs for lane closure despite multiple warnings and flashing light devices signaling lane closure ahead. *Id.* at ¶ 21.  According to Silver, "[t]here is no evidence that Rohr operated his vehicle in an inappropriate, negligent or reckless manner." *Id.* at ¶ 53.

Plaintiffs submitted an Expert Report by Scott L. Turner ("Turner"), an expert in the field of commercial motor vehicle ("CMV") crashes and incidents.  *See*, Expert Report of Scott L.

Turner ("Turner Report"), Dkt. Entry No. 59-7. According to Turner, the accident at issue occurred when Rohr applied a sudden and hard brake after cutting off Edward. *See*, Pls. Ferraro 56.1 at ¶ II.21. Turner concluded, with "a reasonable degree of CMV crash investigation and safety certainty[,] that the actual and proximate cause of the subject accident of April 27, 2016 was the failure of CMV drivers Rohr and [Rodriguez] to operate their vehicles in a safe and proper manner under the conditions presented." Aff. of Scott L. Turner ("Turner Aff."), Dkt. Entry No. 59-7, at ¶ 3.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.* (internal quotation marks and citations omitted). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the "difficult burden" of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted). Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, citation, and emphasis omitted). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citations omitted); *See also, Jeffreys*, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In a diversity case, a district court is "bound to follow state law on any matter of substantive law," and "[i]n deciding a disputed issue of state law in a diversity case, a federal [trial] court should attempt to discern what the highest court of that state would decide." *Rounds v. Rush Trucking Corp.*, 211 F.3d 185, 187-88 (2d Cir. 2000) (internal quotation marks and citations omitted) (alteration in original). "Although summary judgment is highly unusual in a negligence action, where the assessment of reasonableness generally is a factual question to be addressed by the jury, the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment." *Krynski v. Chase*, 707 F. Supp.2d 318, 322 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).

**DISCUSSION**

Based on the parties' testimonies, it is clear that a triable issue of fact exists in this case. Ferraro and Ash Defendants are correct that, "[u]nder New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle." *Krynski*, 707 F. Supp.2d at 322 (quoting *Hong v. Maher*, 2004 WL 771127, at *2 (S.D.N.Y. Apr. 13, 2004)); *See also*, Ferraro Mem. at ¶¶ 14-15; Ash Mem. at ¶ 12. It is undisputed that Edward's vehicle struck the rear of Rohr's vehicle. However, the presumption of negligence can be rebutted if Plaintiffs provide "a non-negligent explanation for the collision." *Krynski*, 707 F. Supp.2d at 323. An example of such a nonnegligent explanation is "a sudden stop of the vehicle ahead." *Id*.

The Court finds that Plaintiffs have provided sufficient evidence that Rohr's and Rodriguez's driving possibly contributed to the accident. Ash Defendants contend that "a sudden stop may rebut the presumption of negligence only when it is unexpected," and Edward should have anticipated slowing or stopped vehicles ahead of him due to a lane closure. Ash Mem. at ¶¶ 22-23 (quoting *Astorga v. Allstate Oil Recovery, Co.*, 2018 WL 1441377, at *2 (S.D.N.Y. Mar. 22, 2018)). Both Ferraro and Ash Defendants assert that Plaintiffs cannot rebut the presumption of negligence because Edward did not pay attention to road signs indicating a lane closure and failed to maintain a safe distance from Rohr's vehicle. *See*, Ash Mem. at ¶¶ 6-14, 19; Ferraro Mem. at ¶ 16.

However, even if Edward did not notice any road closure signs, neither did Rodriguez. *See*, Rodriguez Dep. at 65. Rodriguez testified that he had to "slam" on his brake when a vehicle cut in front of him. *See*, Pls. Ash 56.1 at ¶¶ II.3, II.11-12. Additionally, Rohr may have been following Rodriguez too closely at an excessive speed, thereby not reserving enough space for him

to stop when Rodriguez stopped.  *See*, Pls. Ferraro 56.1 at ¶ II.15.  Rohr testified that Rodriguez's vehicle came to a gradual stop, whereas Edward testified that Rohr's vehicle was emitting smoke from skidding to a stop.  *See*, *Id.* at ¶¶ II.3, II.15-16, II.20.  Moreover, Edward testified that Rohr cut him off abruptly, leaving Edward insufficient space or time to avoid hitting Rohr's vehicle even though Edward immediately applied his brake.  *Id.* at ¶¶ II.15-16; *See also*, Edward Dep. at 120-21.  The factual dispute as to whether there was an "abrupt, sudden, or otherwise unreasonable" stop prior to the collision is a genuine issue of material fact that would "affect the outcome of the suit under the governing law."  *Krynski*, 707 F. Supp.2d at 324; *Anderson*, 477 U.S. at 248; *See also*, *Chen v. Spring Tailor, L.L.C.*, 2015 WL 3953532, at *7 (S.D.N.Y. June 29, 2015) (finding that courts have held that "an abrupt stop by a front car . . . can support a finding of (at least) comparative fault.").

The Court finds that the parties' testimonies alone create a genuine dispute as to a material fact and, thus, the Court need not determine the admissibility of the expert reports offered in this case.  Nonetheless, assuming, *arguendo*, the Court considered the expert reports, the experts' opinions do not warrant dismissal of this action as a matter of law.  Emolo, Silver, and Turner considered similar information and materials when analyzing the accident and in reaching their respective conclusions.  Emolo determined that Edward's actions were the sole proximate case of the accident at issue, while Turner concluded that Rohr's and Rodriguez's inattentive and unsafe driving caused the accident.  *See*, Ash 56.1 at ¶ 57; Turner Aff. at ¶ 3.  Silver found that Rhor did not contribute to the accident at all.  *See*, Ash 56.1 at ¶ 53.  These differing and conflicting opinions only add to the existence of a triable issue of fact.

Construing the evidence in the light most favorable to Plaintiffs as the nonmoving party, a reasonable jury could find that Plaintiffs have articulated a nonnegligent explanation for the

9

collision and that Rohr's and Rodriguez's negligence contributed to the accident. Therefore, since there remains a triable issue of fact as to Defendants' liability, summary judgment is precluded.

## **CONCLUSION**

For the reasons set forth above, Ferraro Defendants' and Ash Defendants' motions for summary judgment are denied.

SO ORDERED.

Dated: Brooklyn, New York
January 5, 2022

/s/
DORA L. IRIZARRY
United States District Judge