UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWARD LABACZ and SUSAN LABACZ,   :
                                                             :
                        Plaintiffs        :                     **SUMMARY ORDER**
                                                             :                     19-cv-528 (DLI)(RML)
                      -against-        :
                                                              :
JEFFERY G ROHR, ASH TRANSPORT, LLC, :
CARLOS FERNANDEZ-RODRIGUEZ, and   :
FERRARO FOODS INC.,   :
                                                              :
                        Defendants.    :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

      This is a personal injury action resulting from a vehicle accident before the Court pursuant to its diversity jurisdiction.[1] In anticipation of trial, Plaintiffs Edward Labacz and Susan Labacz ("Plaintiffs") filed a motion *in limine* on November 1, 2022, seeking to exclude as hearsay Police Officer Michael Rosenberg's police report and testimony about how the accident occurred. Pls.' Mot. in Lim. ("Pls.' Mot."), Dkt. Entry No. 85. Only Defendants Jeffery G. Rohr and Ash Transport LLC ("Defendants") opposed and moved *in limine* on November 23, 2022 to preclude the testimony of Plaintiffs' Trucking/Commercial Motor Vehicle Crash Investigation expert, Scott L. Turner. Defs.' Omnibus Mot. in Lim. ("Defs.' Mot."), Dkt Entry No. 90. Plaintiffs opposed. *See*, Pls.' Opp. to Defs.' Mot ("Pl.'s Opp."), Dkt Entry Nos. 90-5 and 90-6. For the reasons set forth below, Plaintiffs' motion is granted; Defendants' motion is denied as to the admission of the police report and police officer testimony about how the accident occurred and the Court reserves judgment on Defendants' motion to preclude the testimony of Plaintiffs' expert.

---

[1] The Court presumes familiarity with the facts and procedural history of this case and shall refer only to those facts necessary for the disposition of the instant motions.

A police report may be admitted as a business record under Federal Rule of Evidence ("FRE") 803(6) or as a public record under FRE 803(8). *D.R. by Rodriguez v. Santos Bakery, Inc.*, 2023 WL 3736441, at *3 (S.D.N.Y. May 31, 2023) (citing *Boykin v. Western Express, Inc.*, 2016 WL 8710481, at *5 (S.D.N.Y. Feb. 5, 2016)). However, it is undisputed that, when the contents of a report are based on hearsay, the content requires its own exception in order to be deemed admissible. *Petschauer v. United States*, 2016 WL 1271035, at *4 (E.D.N.Y. Mar. 29, 2016) (citing *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)). No such exception exists here.

Even assuming that Officer Robinson had interviewed Mr. Labacz after the accident, the Court does not credit Defendants' contention that any portion of the accident description is a "statement" attributable to Mr. Labacz as contrary to the record here. *See,* Defs.' Opp. to Pls.' Mot. at 2-11, Dkt. Entry No. 88. The police report contains Officer Robinson's description of the accident in his own words, not statements to which a hearsay exception might apply. Officer Robinson's deposition testimony supports this conclusion: "I take what they tell me . . . and I make my own determination." *Id.* at ¶10. Accordingly, the entire police report is inadmissible, as is his testimony about how the accident occurred because Officer Robinson did not witness the accident and the hearsay that it contains is inadmissible. *Petschauer*, 2016 WL 1271035, at *4 (citing *Bennett v. Spitzer*, 2007 WL 389213 at *8 (E.D.N.Y. Jan. 31, 2007)). For these reasons as well, Defendants' attempt to deem the police report self-authenticating and admissible as a business or public record in order to admit the contents of the police report, specifically the "statements" purportedly attributable to Edward Labacz, is denied. However, the officer may testify to his observations and conduct upon and after arriving at the scene.

Defendants' additional request that the Court take judicial notice of the police report's contents also is denied. Defs.' Mot. at 20. The Court cannot take judicial notice of the contents of the police report because it cannot be assumed "that the report contains information 'whose accuracy cannot reasonably be questioned.'" *Petschauer*, 2016 WL 1271035, at *4 (citing FRE 201(b)(2)) (collecting cases).

Defendants also seek to preclude the testimony of Plaintiffs' Trucking/Commercial Motor Vehicle Crash Investigation expert, Scott L. Turner pursuant to FRE 702, 703, and 704 contending that he is not qualified and his opinions and conclusions are unreliable, not relevant, and express legal conclusions. *See generally*, Defs.' Mot. Plaintiffs oppose, alternatively requesting that the Court reserve judgment until trial or until Plaintiffs have exchanged Turner's rebuttal report. *See*, Pls.' Opp., Dkt. Entry No. 90-6. While the Court shares some of Defendants' doubts regarding the admissibility of Mr. Turner's testimony, the *Daubert* inquiry is flexible and "tied to the facts of a particular case." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). In light of these principles, "[a] court considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Wechsler v. Hunt Health Systems, Ltd.*, 381 F.Supp.2d 135, 140 (S.D.N.Y. 2003). Accordingly, the Court reserves judgment on Defendants' motion to preclude the testimony of Plaintiffs' expert until a later date to allow the Court to consider the motion in the appropriate factual context.

3

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to preclude Police Officer Robinson's report and testimony is granted, except that the officer may testify as to what he observed and did after the accident occurred; Defendants' motion to admit Police Officer Robinson's report and testimony is denied, except to the extent provided above; and decision on Defendants' motion to preclude Plaintiffs' expert testimony is deferred until trial or after completion of expert discovery.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2023

/s/
DORA L. IRIZARRY
United States District Judge