UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
EDWARD LABACZ and SUSAN LABACZ,    :
                                                              :
                    Plaintiffs,        :          **SUMMARY ORDER**
                                                              :          19-cv-528 (DLI)(RML)
            -against-                  :
                                                              :
JEFFERY G. ROHR, ASH TRANSPORT,    :
LLC, CARLOS FERNANDEZ-RODRIGUEZ,   :
and FERRARO FOODS INC.,            :
                                                              :
                    Defendants.        :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

    This personal injury action resulting from a vehicle accident is before the Court pursuant to its diversity jurisdiction.[1] Discovery is closed, and the Court has ruled on the parties' motions for summary judgment and motions *in limine*. *See*, U.S. Magistrate Judge Robert M. Levy's ECF Order dated March 15, 2021 (endorsing Letter Providing the Parties' Joint Proposed Schedule for the Completion of Discovery, Dkt. Entry No. 56); Order Denying Motion for Summary Judgment, Dkt. Entry No. 67; Order Granting in Part and Denying in Part Motions *in Limine*, Dkt. Entry No. 82. In preparation for trial, the parties have submitted a joint proposed pretrial order ("JPTO"), which Plaintiffs Edward Labacz and Susan Labacz ("Plaintiffs") and Defendants Ferraro Foods Inc. and Carlos Fernandez-Rodriguez ("Ferrarro Defendants") now seek to amend. Pls.' Request to Amend Witness List dated June 11, 2024 ("Pls.' Request"), Dkt. Entry No. 104; Ferraro Foods and Fernandez-Rodriguez Request to Amend JPTO ("Ferraro Request") at 1, Dkt. Entry No. 110. Plaintiffs' request to amend is opposed by Ferrarro Defendants and Ash Transport, LLC and Jeffery Rohr ("Ash Defendants") (collectively "Defendants"). *See*, Ferraro Defts. Letter dated

---

[1] For a summary of the facts and procedural history of this case, *see*, Order Denying Motion for Summary Judgment, Dkt. Entry No. 67.

June 25, 2024 ("Ferraro Letter") at 2, Dkt. Entry No. 106; Ash Defts.' Letter dated June 25, 2024 ("Ash Letter") at 2-3, Dkt. Entry No. 107.  For the reasons set forth below, both requests to amend the JPTO are granted.

First, Plaintiffs seek leave to amend the JPTO to substitute a new expert witness.  Pls.' Request.  Plaintiffs' listed expert witness, orthopedic surgeon Dr. Raymond Walls, is unable to testify due to the terms of his new employment.  *See*, Pls.' Reply in Support of Request ("Pls.' Reply") at 2, Dkt. Entry No. 108.  Plaintiffs have retained a new expert witness, orthopedic surgeon Dr. Elan Goldwyn, and delivered a Rule 26(a)(2) expert witness disclosure to Defendants.  Pls.' Request at 1.  In the alternative, should Dr. Goldwyn not be allowed to testify as an expert witness, Plaintiffs ask that the Court permit Dr. Goldwyn to testify as Plaintiffs' treating physician.  Pls.' Reply at 3-4.  Dr. Goldwyn was Edward Labacz's treating physician at New York Presbyterian Hospital Queens where Mr. Labacz was taken immediately following the accident.  *Id.* at 1.

Defendants object to the substitution of a new expert witness on two grounds.  First, they contend that the substitution of the new expert witness is untimely because discovery is closed, and Plaintiffs have not shown good cause to substitute Dr. Goldwyn at this late stage.  *See*, Ferraro Letter; Rohr and Ash Letter at 2-3.  Second, they contend that the substitution of Dr. Goldwyn would be incurably prejudicial because the new expert's report and anticipated testimony differs substantially in scope and substance from that of the current expert.  *See*, Ferraro Letter at 2; Ash Letter at 2-3.

Plaintiffs respond that they have shown good cause for the substitution their new expert because they only recently became aware of Dr. Walls' unavailability to testify, and Plaintiffs were diligent in securing Dr. Goldwyn as a replacement promptly.  Pls.' Reply at 2.  They also argue

2

that the scope and substance of Dr. Goldwyn's testimony does not depart from Dr. Walls' report to a prejudicial degree. *Id.* at 2-3.

The parties differ in the factors they ask the Court to consider in evaluating Plaintiffs' request to amend. Ferraro Defendants would utilize the four factors discussed in *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006), to determine whether exclusion of untimely disclosed testimony or evidence is appropriate pursuant to Fed. R. Civ. P. 37(c)(1). *See*, Ferraro Letter at 2. On the other hand, Ash Defendants would review the request to modify the JPTO under the good cause standard of Fed. R. Civ. P. 16(b)(4). *See*, Ash Letter at 2-3 (citing Fed. R. Civ. P. 16(b)(4)). Plaintiffs also base their arguments on the application of Rule 16(b)(4)'s good cause standard. Pls.' Reply at 2 ("Plaintiffs have established good cause to permit Dr. Goldwyn's testimony.").

In this Circuit, it is well settled that the good cause standard of Rule 16(b)(4) applies to the substitution of an expert after the close of discovery. *See, e.g.*, *Pac. Controls Inc. v. Cummins Inc.*, 2021 WL 5417122, at *1 (S.D.N.Y. Nov. 19, 2021) (collecting cases); *Nature's Plus A/S v. Nat. Organics, Inc.*, 2014 WL 12964552, at *3 (E.D.N.Y. Oct. 29, 2014) (collecting cases); *Doctor's Assocs., Inc. v. QIP Holder LLC*, 2009 WL 5184404, at *4 (D. C.T. Dec. 23, 2009) (collecting cases). Rule 16(b)(4) allows the court to modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard of Rule 16(b)(4) requires the party seeking substitution of a new expert to make a showing of diligence in meeting court deadlines. *Nature's Plus*, 2014 WL 12964552, at *3. Courts regularly allow substitution of an expert witness where an expert becomes unavailable due to unforeseen events. *Id.* (collecting cases).

Defendants' lack of good cause argument primarily is based on the absence of reliable documentation regarding the unavailability of Plaintiffs' existing expert witness. Ferraro Letter at

3

2 (expert's unavailability is "unsupported by sworn evidence"); Ash Letter at 3 ("The court is left to rely on the hearsay assertions in the letter."). However, Plaintiffs submitted a signed affidavit from Dr. Walls attesting that the reason for his unavailability is the terms of his new employment. Aff. of Raymond Walls, Dkt. Entry No. 108-1 ("In my current position at NYU, I no longer have the same ability to serve as an expert medical witness."). With this sworn affidavit in hand, Defendants' argument against Plaintiffs' showing of good cause is unavailing.

Plaintiffs' counsel further contends that they have been diligent in this matter. Pls.' Reply at 2. Plaintiffs' counsel avers that they were unaware of Dr. Walls unavailability until his March 21, 2024 email and that, prior to this date, they had no reason to believe that Dr. Walls would be unavailable to them at trial. *Id.* According to Plaintiffs, upon learning of Dr. Walls unavailability, they moved quickly to secure a new witness and "within weeks had retained Dr. Goldwyn." *Id.* They contend further that they "quickly obtained a narrative report" from their new expert and disclosed the report to Defendants on May 29, 2024. *Id.*; Pls.' Request at 2.

The Court finds that Plaintiffs have shown they were diligent in securing a new expert witness after their existing witness' unforeseeable unavailability. No trial date has been set and no delay is anticipated to result from the substitution. Therefore, pursuant to Rule 16(b)(4), Plaintiffs' request to amend the JPTO to substitute Dr. Goldwyn is granted.

Dr. Goldwyn's testimony shall be limited to the subject matter and scope of Dr. Walls' report. *Nature's Plus*, 2014 WL 12964552, at *6. To be clear, Dr. Goldwyn will not regurgitate Dr. Walls' report and conclusions, but rather testify as to his own opinion based on his own review of evidence available to the experts on all sides. *Id.*; *See also*, *Palatkevich v. Choupak*, 2014 WL 5463371, at *1 (S.D.N.Y. Oct. 22, 2014). Defendants may use Dr. Walls' report at trial if Dr. Goldwyn's report differs from Dr. Walls'. *Palatkevich*, 2014 WL 5463371, at *1.

Dr. Goldwyn's report, in part, is based on Dr. Goldwyn's recent examination of Edward Labacz on May 3, 2024. Goldwyn Expert Witness Disclosure at 10; Dkt. Entry No. 107-3. Presumably, Defendants' experts have not had the opportunity to conduct any such examination since at least the close of expert discovery. In order to prevent any unfairness that might result from this difference in timing of these medical examinations, Edward Labacz shall submit to an examination by Defendants' experts by no later than October 10, 2024, should the Defendants desire.

Defendants Ferraro Foods and Fernandez-Rodriguez request leave to amend the proposed joint pretrial order to list Robert D. Martin and London Fischer, LLP as co-counsel and include Ferraro Foods's employee, Fernando Vasquez Paredes, as a witness. Since no party objects, this request also is granted.

SO ORDERED.

Dated: Brooklyn, New York
       September 10, 2024

/s/
DORA L. IRIZARRY
United States District Judge